Clerk, please call the next case. 210-0257, Michael Werk v. Multicoast Good morning, Your Honors. Mr. Harris. May it please the Court, when we received our order for oral argument, it asked that we specifically address whether the Circuit Court order of October 15, 2008 was final and whether failure to appeal that order renders it conclusive. I certainly hope not. Could you introduce yourself for the record? Oh, I'm sorry. My name is Mike Fazekas. I'm sorry. Law firm of Goldberg, Weissman & Carroll. I certainly hope it's not, and we believe we read it correctly. The order reads, the decision of the Industrial Commission is reversed and remanded and given instructions. Instructions to do what? That's really the issue. Well, this is where a slight problem arises, and one that I don't even know if you can address. I think we have to. No, what I'm going to say here, there is no stenographic record of any oral argument in Kane County in front of Judge Colva. He pointed that out to his dismay the second time it was before him. There being no record, what the intent of the order was, was to reverse and remand to decide what Arbitrator Colwell had said in his order, or said to us in the oral argument, which was he reversed only as to medical, whether medical bills should be awarded. That's not in the record, because there was no stenographic record of our arguments or his statement. So you made this argument before the trial judge? Pardon me? In Kane County. You made the argument before the judge in Kane County? He made the argument about medical. Were you present, though? Yes. Okay. Well, the only problem is it went back to the Commission. The Commission, looking at the briefs, determined that what the judge wanted to do was vacate. There were no briefs, Your Honor. There were no briefs filed in the circuit court? They did this sua sponte. No, no, there were no briefs filed in the circuit court for the original appeal to the circuit court. Oh, yes. None of that's included in our record here from that first appeal to the circuit court. Okay. That never got included in the record here. So we don't have any of that. But the Commission on remand, after Judge Colwell remanded it on the first circuit court decision, they looked at the appellant's brief, because he said I reversed based on the appellant's arguments, and determined that they had to vacate their order for failure to prove causal connection, et cetera. When you came back up before Judge Colwell the second time, you argued that the reversal was just on medical expenses, right? Correct. He didn't buy that, did he? Oh, he said he couldn't remember. He said because there's no stenographic record of the argument, he said he was bound by the strict provisions of that order that was written, which I believe we all felt was sufficient. Even the Commission thought it was sufficient. But, I mean, the point is, if that is a final order, then I should have appealed that order. But as it's written, I followed the procedures properly. There was a remand. There was a decision by the industrial commission, back to the circuit court, and up to you. Yeah, I lost. I'm hoping you'll reverse. Let me just ask another question for Kim. And part of the problem is not having any record of the circuit court proceedings, but it appears from the record when it was remanded to the Commission that there was no hearing, no briefs, anything. The Commission just on its own interpreted that order and entered a new order. Is that what happened? That is correct. And it would certainly have been argued. We just got the decision without any setting of oral arguments, setting a briefing schedule. So your position that it was remanded for some uncontroversial incidental matter, is that? I wouldn't say, not according to my opponent, but there was a ‑‑ According to you, well. I felt that we had proved the reasonableness and necessity of medical bills. Judge Colwell felt we did not. That was the issue he reversed on. Again, I mean, all morning long we were talking speculation. Was it remanded for the calculation of these bills, or did they have a hearing? No, to see whether or not they should have been awarded. So it wouldn't have been a final order anyway. Pardon me? It wouldn't have been a final order anyway. It wasn't remanded for a mere mathematical calculation. No, but it wasn't a final order. It was a remand. Exactly. It was not a final order. So there was no jurisdictional problem now. I don't think there is, but I certainly hope there isn't. But you're saying that the Commission then misperceived why Judge Colwell remanded it. Correct. Okay. And it seems the only way to resolve that, if you agree with our argument regarding the facts and you've read the file and you know what's going on, my client proved every aspect required under the Workers' Compensation Act, accident, notice, causal connection, everything, you've got to start all over. Or at least a remand to the Industrial Commission would be appropriate so that all this can be straightened out. Again, Judge Colwell did state in the second time, which was February of 2010, he basically said, I'm at a real disadvantage here because I don't have a stenographic record of the arguments made and what I had said. It's a disadvantage he created by the order he entered, right? I agree, yes. So what are you specifically then again asking us to do in light of the state of this record? In light of the state of this record, I would ask that the court remand this matter to the Industrial Commission for further argument on all issues. That's what I would like to see happen. I would alternatively like you to reinstate the arbitrary decision, but I don't think that's appropriate. Well, wait a minute. Hold on. Why would we send it back to the Commission to reevaluate all issues if no one ever evaluated the claim that you had failed to prove the injury? I mean, I don't understand that. I mean, you'd be asking us to make that decision. That wasn't the intent of the circuit court judge. Well, so then he's never should have decided anyway. So we would be sending it back only for them to decide medical. You won in the Commission. If you order specifically to remand solely on the issue of reasonableness and necessity of medical treatment, yes. But you don't want it on all issues. You don't want it on the accident, do you? Well, based on the Commission decision, certainly. The arbitrary decision said there was an accident, there was causal connection, and all that. Well, here, look. If the Commission interpreted Judge Colwell's order to mean it's a remand on all issues, including accident, then your argument should be that Judge Colwell's order was wrong. He never should have done it because it wasn't against the manifest weight of the evidence. And then you can argue that. And, therefore, the original Commission decision should be reinstated. Or the alternative, you can turn around and say vacate what the Commission did on the accident because the only thing he did was remand it for medical expenses and send it back and tell them to decide only that. But it's one or the other. I would prefer, obviously, to have the Industrial Commission decision reinstated. The first one, not the second one. And if it's a remand specifically on the issue of medical expenses and whether they were reasonable and necessary, that I would also agree with, as long as it kept the first Commission decision whole. So you're asking now for limited relief. Obviously, you don't want to get the whole thing heard anew because you'd be placing your original finding in jeopardy, would you not? They want to do you a favor in the first instance. So you don't want to start all over. I don't think. Okay. Thank you. Counsel, please. Good morning, Your Honors. Counsel. My name is Robert Harris. I'm representing the FLE employer, Michael Nicholas, in this matter. I must admit I am a little bit confused about why we are here. I look at counsel's briefs, and I don't see anything in there in the one-page argument in the brief that argues that Judge Colwell was in the error when he issued either one of the two orders. What I see is a re-argument of why Petitioner proved his case. I don't see any argument that there's anything talking about either the remand order or the Second Circuit Court order affirming the Commission's decision on remand. Is there a legitimate dispute about the meaning of Judge Colwell's order? I say no. It is plain to me as anything. Were you the attorney at that time? Did you argue the first round to the Circuit Court? I did not argue the first round of Circuit Court. I argued the second round. But I don't think Judge Colwell, in his many years of experience, would have signed and, you know, written an order as clear as this with any mistaken issue here as to what he was intending. It is as clear as could possibly be. Okay. Let me ask you a question. Yes. Again, we don't have the record from the First Circuit Court proceeding. Correct. Did the Respondent in that Circuit Court proceeding argue that he failed to prove accident? Of course. That's why we were so happy that we won this case. Okay. Next question. Did the Respondent also argue that he failed to prove up his medical bills? Everything was in dispute, Your Honor. Okay. All issues. And that's why we were happy when we received the remand order because it says that the Commission decision, which awarded benefits, found favor of the Petitioner, was reversed. Reversed only means reversed. Reversed here means takes away. What do we do if we find out he was wrong on accident but he was right on medical bills? What do we do then? Because the Commission never decided the medical bills on remand. They decided it on accident. What do we do? The Commission also found that there was no causal connection on the remand, which would negate the medical bills. Assume we find out that they're wrong on everything on remand. What do we do with it? I can't say how they were wrong, but ---- Well, Respondent, if I remember correctly, we won partially on the issue of medical bills in the Commission. They vacated some of the arbitrator's award of medical bills because they had found that after a certain date, I believe in the beginning of 2005, the ice slip, the ice fall accident, the bills relating to that were denied. Those bills were never reinstated. And that's why Respondent argued that based upon that original Commission finding, they should have taken it to the next logical step, which was if you're denying the medical bills after the ice fall, then you shouldn't find that there's any causal connection either after the ice fall. Why deny the medical treatment after the ice fall but still find that there's causal connection after the ice fall? To us, that made no sense. We argued those exact issues in the circuit court. And that's why we thought that we had won when Judge Colwell reversed it and remanded it for the reasons advocated by the appellant. My brief was quite extensive, quite detailed, arguing every reason and fact why we thought ---- Wait a minute. Were you the attorney then in that? I wrote the brief, Your Honor, to the circuit court. Okay. You just weren't there and didn't hear what Judge Colwell said. Correct. Okay. And then we thought that the remand order was specific. The same commissioners, Commissioner Mason, the lead commissioner in the first commission hearing, she followed the remand order. She didn't find any problems with it. She didn't find any lack of clarification. And based upon that, she reversed the entire award, finding no accident, no causal connection. All benefits were vacated except we got H.A. credit. So the only ---- respectfully speaking, the only person here I think who has confusion as to why we're here and what the outcome is, is Mr. Brooks' counsel. I don't see any possible reason or any possible fact here based on objectively looking at the record, the paper record at least, that there could be any confusion as to what happened and why it happened. When you look at Judge Colwell's remand order, respectfully, it makes no mention of the word medical. It doesn't say only medical bills. It doesn't say reverse only in part. It doesn't say look at only the medical bills. It doesn't say reverse as to accident or causal connection either or anything like that. Well, I would respectfully disagree because it says the decision itself is reversed. So are you saying that was a final and appealable order? No. I agree with counsel that it was interlocutory because the commission had to put this in a final decision form in order to follow the remand order. But I do agree that since it was a remand with instructions, it was still interlocutory. So you're asking us then simply you want us to review this under the standard traditional manifest way. Is that what you're asking? Yes. I would simply ask you to look at the Judge Colwell's last order, which confirmed in its entirety the commission's decision and opinion on remand. But don't we first have to examine the order that sent it back to the commission first? I don't believe so. I believe that's not a real issue. What do you mean it's not a real issue? It's silly. The cases are quite clear that if the circuit court vacates a commission decision, remands it back to the commission to do anything other than minor calculations, it's interlocutory. The commission then issues a new decision. When that new decision comes up for review, the first thing we do is review the initial order. If the initial order is wrong, we reinstate the original commission decision, and that's the end of the story. Counsel is not arguing in his brief that the initial remand order by Judge Colwell was wrong. I don't see that. Neither one of you argued what Justice Hoffman just said. I mean, your entire brief is that we're only supposed to review the circuit court's last decision confirming the commission's new order. That was the basis of counsel's appeal. I have no objections to what happened. I'm quite happy with the results. It's not my appeal. Thank you. I do want to address, as a manifest way, I believe if you look at all the facts in the case, Mr. Burke proved his case. We're looking for a reinstatement as the judge said, of the prior decision. Thank you. I will take the matter under drive, then.